IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 3:21-cr-161-RAH |
| ) | |
| SAWELJIA TYREE FLOYD ) | |

**MEMORANDUM OPINION and ORDER**

On October 1, 2021, the Magistrate Judge continued the evidentiary hearing to December 1, 2021. (Doc. 82.) Pending before the Court is the Motion to Continue Trial filed by the Defendant on October 1, 2021. (Doc. 81.) Jury selection and trial are currently set in this case on the term of court commencing on December 6, 2021. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  However, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(7)(A).  In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

A motion to suppress is currently pending.  Thus, it is clear additional time is necessary for counsel to investigate, review discovery, and prepare for pretrial proceedings and trial.  The United States does not oppose a continuance.

For good cause, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial.

Accordingly, it is

ORDERED as follows:

(1) The Motion to Continue (Doc. 81) is GRANTED.

(2) Jury selection and trial are CONTINUED from December 6, 2021, to the criminal term of court commencing on **January 24, 2022, at 10:00 a.m.** in

Opelika, Alabama. All deadlines tied to the trial date are adjusted accordingly.

(3) The United States Magistrate Judge shall conduct a pretrial conference prior to the January 2022 trial term.

The Court reserves modifying or vacating this order should the trial of this case be continued from its current setting.

DONE, on this the 20th day of October, 2021.

                                                /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE