IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.: 3:21-cr-161-RAH |
| | ) |
| SAWELJIA TYREE FLOYD | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Sawelija Tyree Floyd ("Floyd") was charged on March 9, 2021, in an indictment with one count of possession of a firearm by a prohibited felon in violation of 18 U.S.C. § 922(g)(1), three counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On June 14, 2021, he filed a motion to suppress "the evidence which was seized in this case as a result of the illegal search of 312 Jones Street, Auburn, Alabama," in the Middle District of Alabama. (Doc. 30 at 1.) Claiming the affidavit in support of the search warrant failed to establish probable cause and that the affiant misrepresented a material fact, Floyd contends all evidence seized should be suppressed because the search violated the Fourth Amendment to the United States Constitution.

After an evidentiary hearing, the Magistrate Judge recommended the Court deny the Motion to Suppress. (Doc. 94.) On February 11, 2022, Floyd filed

Objections to the Magistrate Judge's Report and Recommendation. (Doc. 100.) Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the reasons that follow, the Court concludes that the Objections are due to be OVERRULED and the Motion is due to be GRANTED.

## I. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

*De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* The Court has reviewed the transcript of the suppression hearing and evidentiary materials in their entirety.

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in his Recommendation.  Thus, a summary of the facts related to the Motion to Suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact as set forth in the Recommendation.

After a careful independent and *de novo* review of the record, the Court likewise concurs with the Magistrate Judge's Recommendation to deny the Motion to Suppress. The arguments set forth in the Defendant's objections are essentially the same as those raised during the suppression hearing and in his Motion to Suppress.  Thus, the Court will discuss only those objections which need further discussion.

In his objections, Floyd disagrees with the Magistrate Judge's finding that Officer Dustin Holt's testimony "provided independent corroboration of the confidential informant's veracity." (Doc. 100 at 7.)   He argues that the Magistrate Judge erred in determining that a statement regarding the reliability of the informant was not necessary because the affiant personally witnessed the controlled buy. Upon a review of the evidentiary materials, including the arial maps, and the transcript of the suppression and *Franks* hearing, including Officer Holt's testimony that he was "able to see into the backyard with binoculars fairly easily," (Doc. 93 at 18), that he "observed Mr. Floyd open the back door [and] [m]ake the exchange,"

(*Id.*), and that "[t]he informant walked back to his vehicle and immediately went back to the spot to meet myself and Sergeant Butler and turned over the cocaine to [him]," (*Id.* at 35), the undersigned finds that the Magistrate Judge's finding is supported by the record.

Floyd mischaracterizes Officer Holt's testimony regarding his observations. Floyd states that "Holt through his own testimony admitted that he did not personally observe the controlled buy" and "that he could not see the hand-to-and transaction." (Doc. 100 at 7.) When reading the officer's testimony in context, it is clear to the Court that Officer Holt merely admitted that he did not observe "the physical exchange" via an electronic monitoring device. (Doc. 93 at 48.) There was no admission that he did not observe the transaction personally by viewing the incident through his binoculars.

Consequently, this Court agrees with the Magistrate Judge's determination that, "[w]hile [facts demonstrating the reliability of the confidential informant] might be necessary for an affidavit based on a CI's tip of criminal activity, they are not required to establish probable cause when, like here, the affiant has personally witnessed a properly executed controlled buy." (Doc. 94 at 7) (citing *United States v. Roundtree*, 299 F. App'x 905, 907 (11th Cir. 2008) ("It is clear that a properly executed controlled buy . . . is sufficient, standing alone to establish probable cause."); *see also United States v. Johnson*, 444 F. App'x 424, 426 (11th Cir. 2011)

(finding that an affidavit established probable cause to search a house based on the allegation that a detective directly observed two controlled buys at the house). Consequently, the Court overrules the Defendant's objections on this basis.

Floyd also suggests that the Court should find both officers' testimony less than credible because the video footage and/or audio recording of the incident was either not preserved or does not exist. The lack of a video or audio recording under these circumstances is not a basis for rejecting the Magistrate Judge's credibility finding. *See United States v. White*, 660 F. App'x 779, 783-84 (11th Cir. 2016) (determining dismissal of the indictment was not warranted where there was no evidence that the government deliberately deleted emails in bad faith). Therefore, to the extent the Defendant objects to the credibility finding based on the absence of a recording, the Court overrules the objections.

### III.  CONCLUSION

For the reasons as stated, the Court concludes that Floyd's Fourth Amendment rights were not violated, and the Motion to Suppress Evidence is due to be denied. Accordingly, it is

ORDERED as follows:

1. The Defendant's Objections (Doc. 100) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. 94) is ADOPTED; and

3. The Defendant's Motion to Suppress (Doc. 30) is DENIED.

DONE, on this the 7th day of March, 2022.

                                                  /s/ R. Austin Huffaker, Jr.
                                   R. AUSTIN HUFFAKER, JR.
                                   UNITED STATES DISTRICT JUDGE